**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KFX MEDICAL, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-01799-H-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>[Doc. No. 28.] |

On April 9, 2019, Defendants Stryker Corporation and Howmedica Osteonics Corp. doing business as Stryker Orthopaedics filed a motion to stay the action pending *inter partes* review of the patents-in-suit. (Doc. No. 28.) On April 29, 2019, Plaintiff KFx Medical, LLC filed an opposition to Defendants' motion to stay. (Doc. No. 34.) On May 6, 2019, Defendants filed their reply. (Doc. No. 36.) A hearing on the motion to stay is currently scheduled for Monday, May 13, 2019 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Defendants' motion to stay without prejudice.

///

///

1

18-cv-01799-H-WVG

**Background**

On August 2, 2018, KFx filed a complaint for patent infringement against Stryker, alleging infringement of U.S. Patent Nos. 7,585,311 and 8,951,287. (Doc. No. 1.) Specifically, Plaintiff alleges that Defendants have induced infringement of the patents-in-suit by providing instructions and teachings to the customers of their ReelX STT Knotless Anchor and related product for use in a double-row rotator cuff repair procedure. (Id. ¶¶ 31-44, 48, 58.) On September 27, 2018, Stryker filed an answer to KFx's complaint and counterclaims. (Doc. No. 14.) On February 11, 2019, the Court issued a scheduling order in the action. (Doc. No. 26.)

On March 20, 2019, Stryker filed at the United States Patent and Trademark Office, Patent Trial and Appeal Board a petition for *inter partes* review of the '311 patent and a petition for *inter partes* review of the '287 patent. (Doc. No. 28-2, Handler Decl. Exs. A, B.) By the present motion, Stryker moves for a stay of the action pending the PTAB's resolution of Stryker's pending requests for *inter partes* review. (Doc. No. 28-1 at 1.)

**Discussion**

**I.  Legal Standards for a Motion to Stay Pending IPR**

"Courts have [the] inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "There is no per se rule that patent cases should be stayed pending [review], because such a rule would invite parties to unilaterally derail litigation." Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014); see Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). Instead, the decision to grant a stay is within the court's discretion, taking into account the totality of the circumstances. See Ethicon, 849 F.2d at 1426-27.

In determining whether to grant a stay pending PTO review, district courts generally consider the following three factors: "'(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" TAS Energy, Inc. v. San Diego Gas & Elec. Co., No. 12CV2777-GPC BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014); accord Verinata, 2014 WL 121640, at *1; cf. The Leahy-Smith America Invents Act, § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (setting out the same factors and adding a fourth to determine whether to stay litigation pending PTO review of covered business method patents). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

## II. Analysis

After considering all of the relevant factors, the record, and the parties' arguments, the Court declines to stay the action at this stage in the proceedings. Here, Stryker has merely filed petitions requesting *inter parties* review with the PTAB. The PTAB has not yet acted on the petitions for review, and it likely will not make a decision on the petitions and whether to actually institute *inter partes* review for several months. (See Doc. No. 28-1 at 4-5, 8 (explaining that the PTAB will issue its institution decisions on both petitions by September 29, 2019).) In light of this, a stay of the action is not appropriate at this time. Indeed, the majority of district courts "have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." Trover Grp., Inc. v. Dedicated Micros USA, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases); see also DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp., No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Until the PTAB makes a decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues in this litigation is highly speculative. . . . [Thus,] [a]bsent unusual circumstances, . . . the filing of an IPR request does not by itself simplify the issues in a case."). Accordingly, the Court denies

Stryker's motions to stay.

## Conclusion

For the reasons above, the Court denies Stryker's motion to stay without prejudice to Stryker renewing the motion to stay if the PTAB grants the petition(s) and institutes *inter partes* review of the patent(s)-in-suit.

**IT IS SO ORDERED.**

DATED: May 7, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT