# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFX MEDICAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, <br><br> Defendant. | Case No.: 18-cv-01799-H-WVG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO AMEND** <br><br> [Doc. No. 27.] |

On March 29, 2019, Defendants Stryker Corporation and Howmedica Osteonics Corp. doing business as Stryker Orthopaedics filed a motion for leave to file an amended answer, affirmative defenses, and counterclaims. (Doc. No. 27.) On April 22, 2019, Plaintiff KFx Medical, LLC filed a response in opposition to Defendants' motion for leave to amend. (Doc. No. 29.) On April 29, 2019, Stryker filed its reply. (Doc. No. 31.) A hearing on the motion is currently scheduled for Monday, May 13, 2019 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants in part and denies in part Stryker's motion for leave to amend.

///

**Background**

On August 2, 2018, KFx filed a complaint for patent infringement against Stryker, alleging infringement of U.S. Patent Nos. 7,585,311 and 8,951,287. (Doc. No. 1.) Specifically, KFx alleges that Stryker has induced infringement of the patents-in-suit by providing instructions and teachings to the customers of its ReelX STT Knotless Anchor and related product for use in a double-row rotator cuff repair procedure. (Id. ¶¶ 31-44, 48, 58.)

On September 27, 2018, Stryker filed an answer to KFx's complaint and counterclaims. (Doc. No. 14.) On February 11, 2019, the Court issued a scheduling order in the action. (Doc. No. 26.) By the present motion, Stryker moves for leave to amend its answer and counterclaims to assert two new affirmative defenses and counterclaims alleging unenforceability of the patents-in-suit due to inequitable conduct. (Doc. No. 27-1 at 1.)

**Discussion**

**I.  Legal Standards**

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading. Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

///

## II. Analysis

By the present motion, Stryker moves for leave to amend its answer and counterclaims to assert two new affirmative defenses and counterclaims, alleging: (1) unenforceability of the '311 patent due to inequitable conduct during the prosecution of the '311 patent; (2) unenforceability of the '311 patent due to inequitable conduct during the reexamination of the '311 patent; and (3) unenforceability of the '287 patent due to inequitable conduct during the prosecution of the '287 patent. (Doc. No. 27-1 at 1; Doc. No. 27-2 ¶¶ 93-285.) In response, KFx argues that the Court should deny Stryker's motion to amend because the proposed inequitable conduct counterclaims would be futile. (Doc. No. 29 at 1-2.) The Court addresses each of Stryker's inequitable conduct allegations in turn below.

### A. Futility

#### i. Legal Standards for Futility of Amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)); accord Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018). In other words, "[a] proposed amended complaint is futile if it would be immediately 'subject to dismissal.' Thus, the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) (citations omitted); see Miller, 845 F.2d at 214.

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

3

18-cv-01799-H-WVG

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

ii. Legal Standards for Pleading Inequitable Conduct

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). A finding of inequitable conduct as to "any single claim renders the entire patent unenforceable." Id. at 1288.

The elements of a claim for "inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009). The Federal Circuit has explained that a claim for inequitable conduct requires a finding of both materiality and intent to deceive. Therasense, 649 F.3d at 1287. They are separate requirements, and a "a district court may not infer intent solely from materiality." Id. at 1290.

In addition, the Federal Circuit has explained that to meet the standard for materiality, the misrepresentation or omission must be "but-for material." Id. at 1291. A misrepresentation or omission is but-for material "[i]f the PTO would not have allowed a claim had it been aware" of the undisclosed information or the falsity of the representation. Id. Further, in order to establish inequitable conduct, "the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" Id. at 1290. "[W]hen there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." Id. at 1290-91.

An inequitable conduct counterclaim must be pled with "particularity" under Federal Rule of Civil Procedure 9(b). Exergen, 575 F.3d at 1326. Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Therefore, a claim of inequitable conduct must be pled with particularity, i.e., it must be pleaded in detail. Exergen, 575 F.3d at 1327. Specifically, the counterclaim "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Id. at 1328.

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

Id. at 1328-29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." Id. at 1329 n.5.

### iii. Stryker's Allegations of Inequitable Conduct During the Prosecution of the '311 Patent

In its proposed counterclaims, Stryker alleges that the '311 patent is unenforceable due to inequitable conduct because KFx's CEO, Tate Scott, intentionally withheld material evidence of prior art during the prosecution of the '311 patent. (Doc. No. 27-2 ¶¶ 128-80.)

5

KFx argues that this counterclaim is futile because Mr. Scott did not commit inequitable conduct during the prosecution of that patent. (Doc. No. 29 at 11-13.) But to support this argument, KFx relies on evidence from outside the pleadings, specifically a declaration from Mr. Scott that it previously submitted in support of a motion for summary judgment in a prior action. (See id. (citing Doc. No. 30-1, Scott Decl. ¶¶ 12-16, 22-23).) KFx cannot rely on this evidence to oppose Stryker's motion for leave to amend.

The test for determining whether a proposed amendment would be futile is the same test that is used "when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Nordyke, 644 F.3d at 788 n.12. "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Thus, the Court may not consider the Scott declaration in evaluating Stryker's motion for leave to amend. See Nordyke, 644 F.3d at 788 n.12 ("In evaluating whether the district court should have granted the Nordykes' motion for leave to amend, therefore, we look only to facts pled in the Proposed Second Amended Complaint.").

KFx also notes that a district court granted summary judgment of a similar inequitable conduct counterclaim in a prior action between KFx and non-party Anthrex, Inc. (Doc. No. 29 at 12 (citing Doc. No. 30-13, Ex. 11 at 6).) But this is of no aid to KFx as the Court does not use the summary judgment standard of review when evaluating futility of amendment in a motion for leave to amend. Cf. Nordyke, 644 F.3d at 788 n.12. As such, KFx has failed to demonstrate that Stryker's proposed counterclaim alleging inequitable conduct during the prosecution of the '311 patent is futile.

        iv.   <u>Stryker's Allegations of Inequitable Conduct During the Reexamination of the '311 Patent</u>

In its proposed counterclaims, Stryker alleges that the '311 patent is unenforceable due to inequitable conduct because Mr. Scott and prosecution counsel withheld material evidence of prior art during the reexamination of the '311 patent. (Doc. No. 27-2 ¶¶ 181-215.) Specifically, Stryker alleges that Mr. Scott and prosecution counsel committed

6

inequitable conduct by deliberately withholding the Millett Abstract, the 2005 Millett Article, and the 2011 Scott Statement references from the examiner during the reexamination proceedings until after the examiner issued its notice of intent to issue a reexamination certificate, and, thereafter, by failing to comply with MPEP § 2256 to ensure that the references were properly disclosed. (Id. ¶¶ 190-200.)

KFx argues that these inequitable conduct allegations fail because under 37 C.F.R. § 1.555(a), KFx had to two months to submit an IDS to the examiner. (Doc. No. 29 at 13.) KFx notes that it did submit an IDS within section 1.555(a)'s two-month window albeit after the examiner issued its notice of intent to issue a reexamination certificate. (Id.) But KFx's argument fails to recognize that once the examiner issued the notice of intent to issue a reexamination certificate, in order for the references to be considered by the examiner during the reexamination proceedings, KFx would need to comply with the requirements set forth in MPEP § 2256, regardless of the deadlines set forth in 37 C.F.R. § 1.555(a). See MPEP § 2256. Stryker alleges that KFx failed to comply with MPEP § 2256, and, thus, KFx never properly disclosed those material references during the reexamination proceedings. (Doc. No. 27-2 ¶¶ 195-208; see Doc. No. 31-1, Ex C.)[1]

KFx argues that Stryker misrepresents the requirements of MPEP § 2256 in its proposed counterclaims. (Doc. No. 29 at 14-15.) KFx is incorrect. Stryker's allegations correctly cite to the version of MPEP § 2256 that was in place in 2011 during the time of the reexamination proceedings. (See Doc. No. 27-2 ¶ 196; Doc. No. 31-1, Ex C.) KFx incorrectly relies on the requirements set forth in the current version of MPEP § 2256 that was not in effect during the reexamination proceedings at issue.

---

[1] The Court may consider Exhibit C to Stryker's reply in evaluating Stryker's motion for leave to amend because it is a document issued by the PTO during the reexamination of the '311 patent, and, thus, the Court may and does take judicial notice of it. See NetFuel, Inc. v. Cisco Sys. Inc., No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *2 n.1 (N.D. Cal. Sept. 18, 2018); IPS Grp., Inc. v. Duncan Sols., Inc., No. 15-CV-1526-CAB (MDD), 2016 WL 9023432, at *1 (S.D. Cal. Mar. 18, 2016); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (explaining that a court may consider judicially noticeable documents when evaluating a Rule 12(b)(6) motion to dismiss).

KFx also cites to the Federal Circuit's decision in <u>Fiskars, Inc. v. Hunt Mfg. Co.</u>, 221 F.3d 1318, 1319 (Fed. Cir. 2000), and argues that it did not have duty to explain the materiality of the references at issue. (Doc. No. 29 at 13.) But the <u>Fiskars</u> decision is of no aid to KFx because the <u>Fiskars</u> decision did not involve MPEP § 2256 and its specific requirements. <u>See generally</u> 221 F.3d 1318. In sum, KFx has failed to demonstrate that Stryker's proposed counterclaim alleging inequitable conduct during the reexamination of the '311 patent is futile.

    v. <u>Stryker's Allegations of Inequitable Conduct During the Prosecution of the '287 Patent</u>

In its proposed counterclaims, Stryker alleges that the '287 patent is unenforceable due to inequitable conduct because Mr. Scott and prosecution counsel intentionally buried certain material prior art evidence related to double-row rotator cuff repairs. (Doc. No. 27-2 ¶¶ 235-53.) Specifically, Stryker alleges that they "deliberately buried the 2011 Statement of Tate Scott, the 2012 Scott Declaration, and the Millett Abstract amongst over 250 references, and deliberately referred the examiner to copies filed in a prior application, with the deceptive intent of preventing the examiner from recognizing their materiality." (<u>Id.</u> ¶ 248.)

KFx argues that Stryker's burying theory of inequitable conduct fails as a matter of law. (Doc. No. 29 at 15-16.) The Court agrees. "[T]he alleged burying of material information in a long list of citations to the PTO by itself is insufficient to state a claim for inequitable conduct." <u>Seaboard Int'l, Inc. v. Cameron Int'l Corp.</u>, No. 1:13-CV-00281-MLH-SK, 2013 WL 3936889, at *6 (E.D. Cal. July 30, 2013); <u>see</u> <u>HVLPO2, LLC, v. Oxygen Frog, LLC</u>, No. 4:16CV336-MW/CAS, 2018 WL 6492972, at *5 (N.D. Fla. Aug. 21, 2018); <u>ParkerVision, Inc. v. Qualcomm Inc.</u>, 924 F. Supp. 2d 1314, 1318 (M.D. Fla. 2013); <u>Symbol Techs., Inc. v. Aruba Networks, Inc.</u>, 609 F. Supp. 2d 353, 358 (D. Del. 2009); <u>see also</u> <u>Fiskars</u>, 221 F.3d at 1327 ("[a]n applicant can not be guilty of inequitable conduct if the reference was cited to the examiner, whether or not it was a ground of rejection by the examiner."); <u>but see</u> <u>Coolsystems, Inc. v. Nice Recovery Sys. LLC</u>, No.

16-CV-02958-PJH, 2016 WL 6091577, at *3 (N.D. Cal. Oct. 19, 2016) ("'[B]urying' can state a claim for inequitable conduct."). Thus, Stryker's allegations of inequitable conduct based on the alleged burying of material references fail as a matter of law.

In its proposed counterclaims, Stryker also alleges that the '287 patent is unenforceable due to inequitable conduct because Mr. Scott and prosecution counsel intentionally buried and withheld the 2004 Millet Slides prior art reference during the prosecution of the '287 patent. (Doc. No. 27-2 ¶¶ 254-285.) KFx argues that these inequitable conduct allegations are futile because the Millet Slides were cumulative in light of the prior art that before the examiner. (Doc. No. 29 at 16-18.)

In order to properly plead a claim for inequitable conduct, the claimant must adequately allege that the information at issue is "material." Exergen, 575 F.3d at 1327. It is well established "that information is not material if it is cumulative of other information already disclosed to the PTO." Star Sci., Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1367 (Fed. Cir. 2008); accord Regeneron Pharm., Inc. v. Merus N.V., 864 F.3d 1343, 1350 (Fed. Cir. 2017) ("A reference is not but-for material, however, if it is merely cumulative."); see 37 C.F.R. § 1.56(b) ("[I]nformation is material to patentability [only] when it is not cumulative to information already of record or being made of record in the application."). Thus, a claim of inequitable conduct that is premised on allegations that the patentee failed to disclose cumulative information fails as a matter of law. See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1185 (Fed. Cir. 1995) ("A reference that is cumulative to other references of record does not meet the threshold of materiality needed to prove inequitable conduct."); see also Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1328 (Fed. Cir. 1998) ("[A] patentee need not cite an otherwise material reference to the PTO if that reference is merely cumulative or is less material than other references already before the examiner.") Halliburton Co. v. Schlumberger Tech. Corp., 925 F.2d 1435, 1443 (Fed. Cir. 1991) (a patentee "ha[s] no obligation to disclose cumulative references"). "A reference is cumulative when it 'teaches no more than what a reasonable examiner would

consider to be taught by the prior art already before the PTO.'" Regeneron Pharm., 864 F.3d at 1350.

In its allegations, Stryker concedes that KFx filed an information disclosure statement during the prosecution of the '287 Patent that identified the 2004 Millett Article and 2011 Scott Statement prior art references to the examiner. (Doc. No. 27-2 ¶ 224.) KFx notes that Stryker's own allegations further concede that the 2004 Millett Article contains all of the material information, other than dates, that Stryker alleges is contained in the 2004 Millett Slides. (Doc. No. 29 at 16-17.) Stryker does not dispute this. Indeed, in its reply, Stryker states: "Like the 2004 Millett Article, the Millett Slides disclosed every limitation of claim 1 of the '287 Patent with the exception of a knotless 'second anchor,' as well as the exact limitation that the examiner found to be missing from the other prior art of record when he allowed the final claims of the '287 Patent." (Doc. No. 31 at 9-10.)

Stryker argues that the 2004 Millet Slides were a more material reference than the 2004 Millet Article because the slides were presented to the public between January 8-10, 2004, which is an earlier date than the October 2004 date of the 2004 Millett Article. (Doc. No. 31 at 9-10.) In response, KFx notes that the 2011 Scott statement, which was also before the examiner, disclosed that Dr. Millett told Mr. Scott that Dr. Millett performed the procedures in the 2004 Millett Article in a clinical setting for two years prior to October 2004. (Doc. No. 29 at 17.) This is consistent with Stryker's proposed allegations. In the proposed counterclaims, Stryker alleges: "the 2011 Statement of Tate Scott, the 2012 Scott Declaration both evidence the fact that Dr. Millett performed the procedures set forth in the 2004 Millett Article between 2002 and 2004." (Doc. No. 27-2 ¶ 244.)

KFx argues, thus, that the 2004 Millett Article when combined with the 2011 Scott Statement provides the exact same material information as the 2004 Millett Slides. (Doc. No. 29 at 17.) In response, Stryker does not dispute this. Rather, Stryker again relies on its contention that the 2004 Millett Article and the 2011 Scott Statement were buried among the other references that were presented to the examiner. But allegations of burying are insufficient to state a claim for inequitable conduct. See Seaboard, 2013 WL 3936889, at

*6; HVLPO2, 2018 WL 6492972, at *5; ParkerVision, 924 F. Supp. 2d at 1318; Symbol Techs., 609 F. Supp. 2d at 358. Thus, Stryker is unable to adequately allege that the 2004 Millet slides are non-cumulative of the other information already disclosed to the examiner. See Advanced Micro Devices v. Samsung Elecs. Co., No. C 08-00986 SI, 2010 WL 963920, at *11 (N.D. Cal. Mar. 16, 2010) (explaining that in order to state a claim for inequitable conduct the claimant must allege why the information is material and non cumulative); SKF Condition Monitoring, Inc. v. Invensys Sys., Inc., No. 07CV1116 BTM BGS, 2010 WL 3463686, at *7 (S.D. Cal. Aug. 31, 2010) (same); see also Molins, 48 F.3d at 1185. As a result, Stryker's affirmative defense and counterclaim for unenforceability of the '287 patent due to inequitable conduct is futile because Stryker's allegations of inequitable conduct regarding the '287 patent fail as a matter of law.

### B. The Other Johnson Factors

The other Johnson factors favor granting Stryker leave to amend its answer and counterclaims as to its inequitable conduct counterclaims related to the '311 patent. See Johnson, 356 F.3d at 1077. Stryker has not previously amended its answer, and there is no evidence of bad faith by Stryker or prejudice to KFx. In addition, there is no undue delay because Stryker filed the present motion for leave to amend within the deadlines for such motions as set by the Court. (See Doc. No. 26 at 5.) Accordingly, the Court grants Stryker leave to amend its answer and counterclaims to add allegations of unenforceability due to inequitable conduct as to the '311 patent.

///
///
///

## Conclusion

For the reasons above, the Court grants in part and denies in part Defendant Stryker's motion for leave to amend. Specifically, Stryker is granted leave to amend its answer and counterclaims to add allegations of unenforceability due to inequitable conduct as to the '311 patent, but Stryker is not granted leave to amend its answer and counterclaims to add allegation of unenforceability due to inequitable conduct as to the '287 patent.[2] Stryker must file its amended answer and counterclaims within **14 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: May 7, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court notes that its partial grant of Stryker's motion for leave to amend is without prejudice to KFx challenging the inequitable conduct counterclaims and defenses at a later stage in the proceedings, such as through a motion for summary judgment.